UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 17-116-WES |
| MARCIO ALEXANDRO MARTINEZ-LARA, | |
| Defendant. | |

GOVERNMENT'S REQUEST FOR EXTENSION OF TIME

*Introduction*

On May 4, 2020, the defendant Marcio Alexandro Martinez–Lara (MARTINEZ – LARA) filed an oddly styled *pro se* motion erroneously relying on 18 U.S.C. § 3582(C)(2) that he labelled:

PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2) DUE TO PETITIONER CHALLENGING THE CONSTITUTIONALITY OF HIS WAIVER OF RIGHTS PERTAINING TO HIS PLEA AGREEMENT AS WELL AS CHALLENGING ILLEGAL COUNTS PLEAD UNKNOWINGLY AND UNVOLUNTARILY CAUSING AN ERROR(S) IN PETITIONER'S SENTENCING GUIDELINE CALCULATIONS (AND ALIKE)

The Court ordered the Government to respond to the rambling 15-page filing (hereinafter, the "Motion to Reduce") by May 19, 2020.

*Preliminary Analysis*

The United States has conducted a preliminary analysis of the Motion to Reduce. Perhaps among other things, MARTINEZ–LARA argues Constitutional Due Process

errors, complaints about ineffective assistance of counsel and sentencing guideline miscalculations (but not amendments). At first glance, the arguments are not legally cognizable, waived or defaulted (if not simply incomprehensible).

However, one issue MARTINEZ–LARA appeared to be arguing was a *Rehaif* claim. See *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019). In *Rehaif* the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of an 18 U.S.C. § 922(g) offense. The sentence imposed on MARTINEZ–LARA was predicated on an 18 U.S.C. § 922(g) offense that mandated a 15-year sentence because he was an Armed Career Criminal. However, MARTINEZ–LARA also had a 262-327 month Sentencing Guideline Range (as well as many drug counts) that would more than support the 188-month sentence that was imposed with his agreement as part of a very generous negotiated plea.

Separate and apart from MARTINEZ–LARA's improper reliance on 18 U.S.C. § 3582 to pursue a late filed Motion under 28 U.S.C. § 2255, one issue revolves around whether the 2019 Supreme Court decision in *Rahaif* is retroactively applicable in post-conviction relief actions.[1] The government observes, however, that cases decided to date have refused to apply *Rehaif* retroactively. *See, e.g., In re Wright*, 942 F.3d 1063,

---

[1] MARTINE –LARA was sentenced on October 18, 2018. He filed no appeal. This motion was filed outside of the one-year period of limitations for a motion under 28 U.S.C. § 2255. The statute he cited and the Sentencing Guidelines establish a separate mechanism for application of a post-sentencing substantive change in the Guidelines. See 18 U.S.C. § 3582(c)(2); USSG § 1B1.10. MARTINEZ–LARA does not seem to be requesting a sentence reduction based on a sentencing guideline amendment. His argument is based on a change in the law.

1064-65 (11th Cir. 2019); *United States v. Riley*, 411 F. Supp. 3d. 182, 184 (D. Mass. 2019) (collecting cases); *Baker v. United States*, No. A-17-CR-382(1)-RP, 2020 WL 1144632, at *3 (W.D. Tex. Mar. 9, 2020) (same).

*The Government's Request*

The United States hereby requests an additional 60 days (up to and including July 20, 2020) within which to respond to the Motion to Reduce. The government is currently awash with other more urgent motions to reduce sentences associated with the health of federal inmates during the COVID-19 pandemic and requires time to sort out and research the claims raised in this mislabeled and poorly pled motion. MARTINEZ–LARA who is serving a 15-year sentence lawfully imposed on 14 counts of a 15 count Indictment will suffer no prejudice by the requested continuance.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        By its Attorney,

        AARON L. WEISMAN
        United States Attorney

        /s/Gerard B. Sullivan
        GERARD B. SULLIVAN
        Assistant U.S. Attorney
        U.S. Attorney's Office
        50 Kennedy Plaza, 8th FL
        Providence, RI 02903
        Tel (401) 709-5000
        Fax (401) 709-5001
        Email: Gerard.Sullivan@usdoj.gov

CERTIFICATION OF SERVICE

On this 14th day of May, 2020, I caused the within Government's Response to Motion for Status to be filed electronically and it is available for viewing and downloading from the ECF system. A copy of this response was also sent via regular mail to the pro se defendant at:

Mario-Alexandro Martinez-Lara
Fed.No. 04417-070
LSCI – Allenwood – Low
P.O. Box 1000
White Deer, PA 17887

/s/Gerard B. Sullivan
GERARD B. SULLIVAN
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email:
Gerard.Sullivan@usdoj.gov