UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCIO ALEXANDRO<br>MARTINEZ-LARA,<br>        Defendant. | Criminal Case No. 17-116-WES |

GOVERNMENT'S OBJECTION TO:

PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2) DUE TO PETITIONER CHALLENGING THE CONSTITUTIONALITY OF HIS WAIVER OF RIGHTS PERTAINING TO HIS PLEA AGREEMENT AS WELL AS CHALLENGING ILLEGAL COUNTS PLEAD UNKNOWINGLY AND UNVOLUNTARILY CAUSING AN ERROR(S) IN PETITIONER'S SENTENCING GUIDELINE CALCULATIONS (AND ALIKE)

I.     INTRODUCTION

On May 4, 2020, the defendant Marcio Alexandro Martinez–Lara (Martinez – Lara) filed an oddly styled *pro se* motion that he labelled:

> PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2) DUE TO PETITIONER CHALLENGING THE CONSTITUTIONALITY OF HIS WAIVER OF RIGHTS PERTAINING TO HIS PLEA AGREEMENT AS WELL AS CHALLENGING ILLEGAL COUNTS PLEAD UNKNOWINGLY AND UNVOLUNTARILY CAUSING AN ERROR(S) IN PETITIONER'S SENTENCING GUIDELINE CALCULATIONS (AND ALIKE)

The rambling 15-page motion (hereinafter, the "Motion to Reduce") erroneously relies on 18 U.S.C. § 3582(C)(2) for jurisdiction and authority to grant the relief

requested. It is neither. That statute is only available to provide redress if The United States Sentencing Commission lowers a guideline range and expressly makes the change retroactively applicable to defendants who were already sentenced.

Many of Martinez-Lara's arguments are legally incomprehensible but none of them, by whatever formulation, involves a change in his guideline range made retroactively applicable to his sentence.[1] As the title suggests, his issues revolve around his conviction and sentence. Those are matters properly addressed in a timely motion filed under 28 U.S.C. §2255. However, Martinez-Lara is well past the period of limitations for filing a §2255 Motion and he cannot use 18 U.S.C. § 3582(C)(2) as a means of bypassing this procedural default.

*Facts and Travel*

On July 20, 2017 Martinez–Lara was arrested by the Drug Enforcement Agency after an investigation of some complexity and duration involving undercover drug buys from Martinez-Lara that supported an arrest warrant and a criminal complaint. Even as he was taken into custody, Martinez–Lara had 100g of fentanyl stuffed in his underwear. Multiple search warrants were executed on a stash house, residence,

---

[1] Martinez–Lara's memorandum was submitted under his own signature, but for a variety of reasons appears to have been written by a "prison lawyer," so- called (including Martinez–Lara's lack of formal education, his inability to write in the English language, as well as the cut and paste character of the submission which appears to borrow liberally from other poorly drafted arguments). Martinez–Lara should nevertheless be considered a *pro se* prisoner litigant. As such, his pleadings must be read broadly and construed liberally. A prisoner's *pro se* petition must be "liberally construed ... [and] a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

business and automobiles resulting in the seizure of significant quantities of several controlled substances, a firearm, and other evidence of these crimes.

On November 16, 2017 a Federal Grand Jury returned a fifteen count Indictment charging a variety of discrete drug trafficking crimes totaling 1383.9034g of fentanyl; 1148.0g of heroin; 106.2g of methamphetamine; and 29.5212g of cocaine. See Pre-Sentence Report (PSR) at ¶38 (Dkt. #28). The Indictment also charged firearms offenses based on the seizure of a handgun from Martinez-Lara's stash house in close proximity to drugs and his status as a convicted felon. He was also prohibited from possessing a firearm because he was an alien illegally present in this country.[2]

The possessory offenses were punishable by a minimum of 15 years to life imprisonment. 18 U.S.C. §§ 922(g)(1)&(5) and 924(e). Two of the drug counts carried 5-year minimum mandatory sentences and three of the counts carried 10-year minimums. The use of a firearm in furtherance of a drug trafficking crime, upon conviction, required the court to impose a minimum 5-year consecutive sentence on top of all that. 18 U.S.C. § 924(c). Moreover, Martinez-Lara was a Career Offender, an Armed Career Criminal and, if his sentence were enhanced under 21 U.S.C. § 851, he was subject to a

---

[2] Martinez-Lara is a citizen of the Dominican Republic illegally present in the United States. Throughout the course of this investigation, he was known by an alias, Sandro Martinez, who was purportedly born in the year 1975. Martinez-Lara used several aliases (another one of which was Victor Cardona) to avoid deportation. All of his several criminal convictions, including a federal conviction in 1997, were under a false names. In fact, he was admitted to bail in state court on another heroin trafficking case under the name Sandro Martinez while he was committing the crimes for which he was federally charged in this case. Martinez-Lara's citizenship was investigated by immigration officials. PSR at ¶10.

3

mandatory life sentence. Martinez-Lara was, as they say, in a heap of trouble. The proof of guilt was overwhelming.

After extensive pretrial negotiations Martinez-Lara entered into a Plea Agreement in which the parties agreed to jointly recommend that the court impose a 15-year sentence on this 47 year old drug trafficker who is subject to deportation. Dkt. #22. That was the absolute minimum mandatory sentence after the government agreed to dismiss the 924(c) offense and declined to file any enhancement under 21 U.S.C. § 851.

Martinez-Lara pled guilty on June 4, 2018. Even with all the Government's concessions Martinez-Lara, was a Level 34/Category VI Offender with a sentencing guideline range of 262 months to 327 months imprisonment. PSR at ¶102. On October 18, 2018, the Court accepted the Plea Agreement and sentenced Martinez-Lara to the jointly recommended 188 month term of imprisonment. Martinez-Lara agreed he would not appeal or fight deportation.

The J&C entered on October 23, 2018. Dkt. #33. Martinez-Lara filed no appeal. He had until November 2, 2019 to file a motion under 28 U.S.C. § 2255 for post-conviction relief. He did not. Martiniez–Lara's conviction and sentence are final. The Court is bereft of jurisdiction to hear this oddly constructed motion. Martiniez–Lara (or his Cyrano) supplied none. He is serving a 15-year sentence lawfully imposed that is well below the Sentencing Guideline Range and is not subject to further review or reduction on the basis of 18 U.S.C. § 3582(C)(2).

II.     ARGUMENT

*18 U.S.C. § 3582(C)(2) is Inapplicable*

Martinez-Lara clearly relies in error on 18 U.S.C. § 3582(C)(2) to supply the court with authority to grant the relief requested.[3] That statute provides in pertinent part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See, 18 U.S.C. § 3582(C)(2).

Martinez-Lara does not claim to be sentenced under a guideline that was lowered and made retroactively applicable to his case. Among other things, Martinez–Lara variously argues Constitutional Due Process errors, complaints about ineffective assistance of counsel and sentencing guideline miscalculations (but not amendments). The arguments are not legally cognizable under 18 U.S.C. § 3582(C)(2).

Many of the arguments Martinez–Lara appeared to be making were based on a *Rehaif* claim. See *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019). That is a newer and evolving area of the law. In *Rehaif* the Supreme Court held that a defendant's knowledge "that he fell within the relevant statutes (that he was a felon, an alien

---

[3] Surprisingly, the relief Martinez-Lara seeks is to vacate his plea agreement and a resentencing. Aside from the protections the Plea Agreement provided against the possibility of a mandatory life sentence, the dismissal of Count 15, the award of a reduction for acceptance of responsibility and other benefits – his guideline range alone was 262 to 327 months imprisonment. The 188 month sentence imposed was the benefit of a very generous Plea Agreement that he probably does not want to vacate. Likewise, his attorney was not ineffective in obtaining that result.

unlawfully in this country, or the like)" is an element of an 18 U.S.C. § 922(g) offense. The sentence imposed on Martinez–Lara was predicated on firearm offenses that mandated a 15-year sentence because he was an Armed Career Criminal. 18 U.S.C. §§ 922(g)(1) & (5); 924(e). Since the *Rehaif* decision, The United States would now be required to prove that Martinez-Lara knew that he was a convicted felon or knew he was an alien.[4]

Setting aside that this argument is not available under 18 U.S.C. § 3582(C)(2), it has no traction. Martinez-Lara clearly knew he was both a felon and an alien. The government would have no difficulty proving knowledge. Martinez-Lara had served several lengthy jail sentences (including a ten year federal sentence imposed in the District of RI). In fact, he stipulated to those convictions and sentences. See PSR at ¶38. Martinez-Lara knew why he was in jail for years. Martinez-Lara never disputed that he had been living under assumed identities for years to avoid immigration authorities. See PSR at ¶10. He did that because he knew he was illegally present in this country.

Even if there were problem of proof associated with the two firearm counts, Martinez–Lara had a 262-327 month Sentencing Guideline Range and many drug counts that would more than support the 188-month sentence. Martinez-Lara agreed to and jointly recommended that sentence. The government further observes, however, that cases decided to date have refused to apply *Rehaif* retroactively. See, e.g., *In re*

---

[4] The government would not have to prove that Martinez-Lara knew he was prohibited from possessing a firearm.

*Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019); *United States v. Riley*, 411 F. Supp. 3d. 182, 184 (D. Mass. 2019) (collecting cases); *Baker v. United States*, No. A-17-CR-382(1)-RP, 2020 WL 1144632, at *3 (W.D. Tex. Mar. 9, 2020) (same).

*Martinez-Lara has Otherwise Waived these Issues*

The substance of Martinez-Lara's arguments, if cognizable at all, are of the type that would ordinarily be brought under 28 U.S.C. §2255. However, he has missed the opportunity to file one. Congress imposed a one year period of limitations for filing §2255 motions by passage of the *Anti-Terrorism and Effective Death Penalty Act*. With certain exceptions that statute provides that the one year period typically begins to run "from the date on which the judgment becomes final." See *28 U.S.C. §2255(1)*. In this case, Martinez-Lara had until November of 2019 to pursue post-conviction relief under 28 U.S.C. §2255. He is time-barred from filing a 2255 Motion. He cannot simply put a different label on this motion to remedy his default. The Third Circuit put it succinctly:

> Any motion filed in the District Court that imposed the sentence, and substantively within the scope of §2255, Paragraph 1, is a motion under §2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram obis, audita querela, certiorari, capias habeas corpus, ejectment, quare imped it, bill of review, writ of error, or an application for a Get-Out-Of-Jail Card; the name makes no difference. It is the substance that controls. *United States v. Lloyd*, 398 F.2d 978, 979-80 (3rd Cir. 2005) (citations omitted).

III. CONCLUSION

This conviction is final. Martinez-Lara has not supplied the Court with a jurisdictional basis to hear his complaints. There is none. The statute he relied on is not

applicable to his arguments. Martinez-Lara has otherwise waived post-conviction relief. The Motion to Reduce should be denied.

          Respectfully submitted,

          UNITED STATES OF AMERICA
          By its Attorney,

          AARON L. WEISMAN
          United States Attorney

          /s/Gerard B. Sullivan
          GERARD B. SULLIVAN
          Assistant U.S. Attorney
          U.S. Attorney's Office
          50 Kennedy Plaza, 8th FL
          Providence, RI 02903
          Tel (401) 709-5000
          Fax (401) 709-5001
          Email: Gerard.Sullivan@usdoj.gov

CERTIFICATION OF SERVICE

On this 20th day of July, 2020, I caused the within Government's Objection to:

PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2) DUE TO PETITIONER CHALLENGING THE CONSTITUTIONALITY OF HIS WAIVER OF RIGHTS PERTAINING TO HIS PLEA AGREEMENT AS WELL AS CHALLENGING ILLEGAL COUNTS PLEAD UNKNOWINGLY AND UNVOLUNTARILY CAUSING AN ERROR(S) IN PETITIONER'S SENTENCING GUIDELINE CALCULATIONS (AND ALIKE)

to be filed electronically and it is available for viewing and downloading from the ECF system. A copy of this response was also sent via regular mail to the pro se defendant at:

Mario-Alexandro Martinez-Lara
Fed.No. 04417-070
LSCI – Allenwood – Low
P.O. Box 1000
White Deer, PA 17887

/s/Gerard B. Sullivan
GERARD B. SULLIVAN
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email:
Gerard.Sullivan@usdoj.gov