UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCIO ALEXANDRO<br>MARTINEZ-LARA,<br>         Defendant. | Criminal Case No. 17-116-WES |

GOVERNMENT'S MOTION TO REJECT AND DISMISS:

PETITIONER'S RESPONSE MOTION (PURSUANT TO RULE (5)) TO THE GOVERNMENT'S "ANSWER" RESPONSE TO PETITIONER'S MOTION FOR UNDER 3582 (C)(2) RELIEF

*The Original Motion to Reduce*

On May 4, 2020, the defendant Marcio Alexandro Martinez–Lara (Martinez–Lara) filed an oddly styled *pro se* motion that he labelled:

> PETITIONER'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(C)(2) DUE TO PETITIONER CHALLENGING THE CONSTITUTIONALITY OF HIS WAIVER OF RIGHTS PERTAINING TO HIS PLEA AGREEMENT AS WELL AS CHALLENGING ILLEGAL COUNTS PLEAD UNKNOWINGLY AND UNVOLUNTARILY CAUSING AN ERROR(S) IN PETITIONER'S SENTENCING GUIDELINE CALCULATIONS (AND ALIKE)

The rambling 15-page motion (hereinafter, the "Motion to Reduce") erroneously relied on 18 U.S.C. § 3582(c)(2) for jurisdiction and authority to grant the relief requested.[1]  It was neither.  See *Government's Objection*, Dkt. #43 (incorporated by

---

[1] To vacate the plea agreement, conduct a resentencing and reduce sentence.

reference). However, 18 U.S.C. § 3582(c)(2) was the only statute that he cited and the only provision of law that he quoted to launch an attack on the constitutionality of his conviction and sentence.[2]

That statute only provides redress if The United States Sentencing Commission lowers a guideline range and expressly makes the change retroactively applicable to defendants who were already sentenced. It says so right in the language quoted in his memorandum. See *Motion to Reduce*, p. 2. None of Martinez-Lara's arguments, by whatever formulation, involved a change in his guideline range made retroactively applicable to his sentence. The United States responded accordingly, objecting on jurisdictional and legal grounds.

That should have been the end of the case. Unfortunately, it was not. Fearing the end was near, whoever is writing these pleadings for Martinez-Lara, filed a "response" which was not responsive at all.[3] See Dkt #44 (Response Memorandum). The response was really two entirely new arguments all rolled into one, unartfully tacked to the Motion to Reduce.

---

[2] That statute was cited in the caption to his Motion to Reduce and in the supporting memorandum (pp 2, 3, and 13). He quoted the language of that subsection his motion. (Response Memorandum at p.2).

[3] Martinez–Lara's memorandum was submitted under his own signature, but for a variety of reasons appears to have been written by a "prison lawyer," so- called (including Martinez–Lara's lack of formal education, his inability to write in the English language, use of the third person and for many other reasons. Martinez–Lara should nevertheless be considered a *pro se* prisoner litigant because the author cannot sign as a practicing attorney. As such, the pleadings must be read broadly and construed liberally. A prisoner's *pro se* petition must be "liberally construed ... [and] a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Response*

In the Response Memorandum, Martinez-Lara (or his Second) added an argument for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and a theory of post-conviction relief under 28 U.S.C. § 2255 in another peculiar filing that he labelled:

> PETITIONER'S RESPONSE MOTION (PURSUANT TO RULE (5)) TO THE GOVERNMENT'S "ANSWER" RESPONSE TO PETITIONER'S MOTION FOR UNDER 3582 (C)(2) RELIEF [4]

The arguments made in the Response Memorandum, abruptly relying on 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 2255 are not responses to the Government's Objection, they are new arguments improperly advanced as a reply. Although a *pro se* litigant enjoys some greater latitude, Martinez-Lara stands in no higher position before this Court than any other litigant. The United States cannot guess at his argument, the Court cannot rule on issues not properly raised and Martinez-Lara should not be allowed to expand the scope of his arguments under the guise of responding to the government's objection.

*Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)*

By citing 18 U.S.C. § 3582(c)(1)(A) and using the phrase *extraordinary and compelling circumstances* in his argument, Martinez-Lara is seemingly attempting to marshal a theory of compassionate release to support his bid for a reduced sentence. See Response Memorandum, p. 3. However, under that new theory, Martinez-Lara

---

[4] Reprinted as labelled replete with errors in grammar, capitalization and citation without resort to the editorial designation *sic*. Although the author does not give any indication what set of Federal Rules he is referencing, the language he quoted appears to come from the Rule 5(e) of the *Rules Governing Section 2244 Cases*.

does not allege nor establish that he made an administrative request to the warden at USP Allenwood. See 18 U.S.C. § 3582(c)(1), as amended by Section 603(b) of the First Step Act. The Court "*may not modify a term of imprisonment once it has been imposed except*" for statutorily specified reasons. As relevant here, the Court may only act upon a motion for compassionate release, "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on defendant's behalf *or the lapse of 30 days from the receipt of such a request* by the warden of the defendant's facility, whichever is earlier …." Then, and only then, may a court reduce a defendant's sentence if it finds that "*extraordinary and compelling circumstances* warrant such a reduction" and the request meets other legal criteria. 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The failure to exhaust administrative remedies is fatal to a motion under 18 U.S.C. § 3582(c)(1)(A). It is a jurisdictional requirement. A motion for compassionate release based on the reasons advanced by Martinez-Lara's Cyrano as "extraordinary and compelling circumstances" would fail for many more reasons. His reliance on that provision of law is factually and legally unsupported but the Court lacks jurisdiction to consider it. It seems unlikely that Martinez-Lara could prevail on a motion for compassionate release, but it is not properly before the court.

*Motion under 28 U.S.C. § 2255*

In his Motion to Reduce, Martinez-Lara, raised a claim (albeit ineffectively) based on *Rehaif* v. *United States*, 139 S. Ct. 2191 (2019). That issue was the subject of some developed argument in the Motion to Reduce but was not cognizable under the law and

4

theory upon which he relied. As originally presented, the Court was bereft of jurisdiction to even consider the *Rehaif* argument.

The *Rehaif* argument involves a somewhat new and evolving area of the law. The United States observed (in the Government's Objection) that although *Rehaif* could not be addressed under 18 U.S.C. § 3582(c)(2), it was the type of claim that might have been brought as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion). However, Martinez-Lara is well past the period of limitations for filing a §2255 motion.

Rather than properly file and support a §2255 motion, the author of the Response Memorandum simply added that citation to the old argument, conflating many legal concepts in a confused attempt to craft a valid theory of relief. Then inappositely threw in the appellate standard, *plain error review,* to add gravitas to the otherwise indecipherable legal reasoning. See Response Memorandum, p. 5. Among many hurdles, in order to pursue a properly filed motion, Martinez-Lara would have to find a basis to cure his procedural default, establish cause and prejudice, and overcome waiver of those issues that could have been addressed in the District Court, on direct appeal, or in a timely filed §2255 motion.

As to the *Rehaif* portion of the argument Martinez-Lara would also have to establish that the 2019 Supreme Court decision is not only retroactively applicable to cases on appeal and in post-conviction relief but that it is retroactively applicable to cases like his own in which judgement is final. Cases decided to date have refused to apply *Rehaif* retroactively. See Government's Objection at p. 7. It seems unlikely that

5

Martinez-Lara could prevail on a § 2255 motion, but it is also improperly before the Court.

*Epilogue*

All of this legal maneuvering raises a separate issue. It is clear that Martinez-Lara is not truly *pro se* in the sense that he is not the author of these pleadings that are being filed on his behalf. The government pointed out the folly of some of the requests made in the Motion to Reduce that could actually work to prejudice Martinez-Lara and possibly increase his sentence.

So too is treating this poorly reasoned Response Memorandum as a proper §2255 motion. If Martinez-Lara has any right remaining to file under 28 U.S.C. §2255 he only gets one bite at the apple. Again, for the author to simply cite that statute without any real understanding of the law could work to prejudice Martinez-Lara.[5]

*Conclusion*

The United States suggests that the Court reject the new arguments and bases for relief presented in the Response Memorandum. The Court should dismiss the Motion to Reduce as originally filed on the jurisdictional and legal grounds set forth in the Government's Objection but do so without prejudice to Martinez-Lara filing a Motion for Compassionate Release and/or a § 2255 motion. If the Court concurs, that will

---

[5] That is why there are regulations concerning the unauthorized practice of law. See LR Gen 201 PRACTICE BEFORE THIS COURT Requirement of Membership in Local Bar. "In order to appear in and/or practice before this Court, a person must be a member of the Bar of this Court …" See also RIGL § 11-27-12; RIGL § 11-27-14.

eliminate the need for a full briefing of those new issues improvidently interjected in the Response Memorandum until properly presented to the court.  Alternatively, the United States requests additional time to fully address the new arguments advanced in the Response Memorandum.

                Respectfully submitted,

                UNITED STATES OF AMERICA
                By its Attorney,

                AARON L. WEISMAN
                United States Attorney

                <u>/s/Gerard B. Sullivan</u>
                GERARD B. SULLIVAN
                Assistant U.S. Attorney
                U.S. Attorney's Office
                50 Kennedy Plaza, 8th FL
                Providence, RI 02903
                Tel (401) 709-5000
                Fax (401) 709-5001
                Email:  Gerard.Sullivan@usdoj.gov

CERTIFICATION OF SERVICE

On this 18th day of August, 2020, I caused the within Government's Objection to:

PETITIONER'S RESPONSE MOTION (PURSUANT TO RULE (5)) TO THE GOVERNMENT'S "ANSWER" RESPONSE TO PETITIONER'S MOTION FOR UNDER 3582 (C)(2) RELIEF

to be filed electronically and it is available for viewing and downloading from the ECF system.  A copy of this response was also sent via regular mail to the pro se defendant at:

Mario-Alexandro Martinez-Lara
Fed.No. 04417-070
LSCI – Allenwood – Low
P.O. Box 1000
White Deer, PA 17887

        /s/Gerard B. Sullivan
        GERARD B. SULLIVAN
        Assistant U.S. Attorney
        U.S. Attorney's Office
        50 Kennedy Plaza, 8th FL
        Providence, RI 02903
        Tel (401) 709-5000
        Fax (401) 709-5001
        Email:
        Gerard.Sullivan@usdoj.gov